# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

FLORA GILPATRICK, *et al.*,  )
                            Plaintiffs,  )
                                   )
v.                                          )   Case No.: 18-1245-JWB-KGG
                                   )
HARPER CO., KANSAS,        )
                            *et al.*,        )
                                   )
                            Defendants.  )
_____)

## MEMORANDUM & ORDER ON MOTION TO QUASH

Now before the Court is Defendants' Motion to Quash Subpoena. (Doc. 14.) Having reviewed the submissions of the parties, Defendants' motion is **GRANTED** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiffs bring claims for deprivation of civil rights pursuant to 42 U.S.C. § 1983 relating to the death of decedent Brett Moon while he was in custody in the Harper County, Kansas, jail. Plaintiffs are the mother and brother of decedent, who bring this action alleging that his death resulted from a violation of his Constitutional rights by Defendants Harper County and Sheriff Tracy Chance in his official and individual capacities. Plaintiffs also bring a wrongful death claim pursuant to state law.

Plaintiffs contend they previously sought information from the Kansas Bureau of Investigation ("KBI") about its investigation into decedent's death. "That request was met with KBI's response that a subpoena would be required in an effort to gain said information." (Doc. 18, at 1.) Plaintiffs indicate that "one of the reasons for Plaintiffs filing this lawsuit is to obtain a subpoena for the KBI investigation file and/or report" in an effort to determine "who all of the potential defendants are so that notice under K.S.A. 12-105(b) may be given and suit brought accordingly against all of the potential defendants." (*Id*.)

Plaintiffs filed a "Notice of Subpoena" on October 2, 2018, indicating that they intended to serve the subpoena at issue on the KBI "on October 3, 2018, or as soon thereafter as service may be effectuated." (Doc. 6.) Defendants bring the present motion arguing that the KBI subpoena was "both premature and [P]laintiffs have not complied with the prerequisites to its service," in violation of Fed.R.Civ.P. 26 and 45. (Doc. 15.)

## ANALYSIS

Defendants contend the KBI subpoena was served before the parties' Rule 26(f) scheduling planning conference. (*Id*., at 3.) Defendants also contend Plaintiff did not comply with the Rule 45(a) requirement of serving a notice and copy of the subpoena on each party because Defendants had no counsel of record at the time the "Notice of Subpoena" was served. (Id.) Defendants argue that this

"deprived [them] of their right to object in advance to the service of the subpoena." (*Id.*) Plaintiffs respond that Defendants do not have standing to object to the subpoena. The Court will address these arguments below.

**A.	Standing.**

As an initial matter, Plaintiffs contend Defendants do not have standing to bring this Motion to Quash because the subpoena at issue was not served on Defendants, but rather was served on the KBI, a third party. (Doc. 16, at 3.) *See* **McDonald v. Kellogg Co.**, No. 08-2473-JWL, 2009 WL 10664465, at *1 (D. Kan. Nov. 5, 2009) ("Only the person or entity to whom a subpoena is directed can seek to quash or modify that subpoena under Rule 45[d]."). "An exception to this rule is when the party challenging the subpoena 'has a personal right or privilege in respect to the subject matter requested in the subpoena.'" **Holick v. Burkhart**, No. 16-1188-JTM-KGG, 2017 WL 3723277, at *5 (D. Kan. Aug. 28, 2017) (quoting **Smith v. Midland Brake, Inc.**, 162 F.R.D. 683, 685 (D. Kan. 1995). Plaintiffs argue that in the present case, "Defendants have no such right or privilege, and hence, no standing to quash the KBI subpoena." (Doc. 16, at 3.)

The Court acknowledges that Defendants do not have standing to raise certain substantive objections to the subpoena. For instance, without standing, Defendants cannot argue that the subpoena seeks to harass or embarrass the recipient or that it encompasses information protected by the attorney-client

privilege or work product doctrine. Defendants do, however, have standing to object to the timing of the subpoena and Plaintiff's failure to comply with Rules 26 and 45. Plaintiffs' objection as to Defendants' standing to object to the subpoena is **overruled**.

**B.     Legal Standards.**

    **1.     Rule 26.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.

The timing and sequence of discovery is governed by Fed.R.Civ.P. 26(d)(1), which provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As of the filing of the

present motion, response, and reply, the parties had not completed their Rule 26(f) conference. Therefore, Plaintiff may only obtain the early discovery requested upon the parties' stipulation or by Court order.

Courts in this District apply the "reasonableness" or "good cause" test to determine whether to allow expedited discovery. ***Bradley by and through King v. United States***, No. 16-1435-EFM-GLR, 2017 WL 1210095, at *3 (D. Kan. April 3, 2017). Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." ***Sunflower Elec. Power Plant Corp. v. Sebelius***, No. 08-2575-EFM-DWB, 2009 WL 774340, at *2 (D. Kan. Mar. 20, 2009) (quoting ***Disability Rights Council of Greater Washington v. Washington Metro. Area Trans. Auth.***, 234 F.R.D. 4, 6 (D.D.C. 2006)).

"The party seeking the expedited discovery in advance of a Rule 26(f) conference bears the burden of showing good cause for the requested departure from usual discovery procedures." ***HydroChem LLC v. Keating***, No. 17-1281-JTM-TJJ, 2017 WL 5483441, at *1 (D. Kan. Nov. 15, 2017) (citing ***Teran v. GB Int'l S.P.A.***, No. 11-CV-2236-JAR-DJW, 2011 WL 5005997, at *2 (D. Kan. Oct.

20, 2011)). Plaintiffs do not specifically address these factors in their responsive brief. (*See* Doc. 16.) The Court will, however, analyze these five factors given the information available.[1]

The first factor weighs against allowing the discovery because there is no preliminary injunction pending. The Court acknowledges that a dispositive motion is pending. Plaintiffs have not, however, indicated that the information sought could impact the District Court's determination of that motion.

The second factor is the breadth of the discovery requests. The subpoena at issue requests "[a]ll documents, recordings, photographs and tangible evidence referring or related to death of inmate, Bret Dallas Moon, Harper County, Special Investigation." (Doc. 6-1, at 1.) Neither party has provided the Court with any information or argument as to the breadth of the information sought. As such, this factor is not determinative.

The third factor is the purpose for requesting the expedited discovery. As stated above, Plaintiffs indicate the information is sought to determine "who all of the potential defendants are so that notice under K.S.A. 12-105(b) may be given and suit brought accordingly against all of the potential defendants." (Doc. 18, at

---

[1] In an effort to come to a determination of this motion on its substantive merits, the Court has reviewed other filings in this case, including Plaintiffs' response to Defendants' Motion to Dismiss. (Doc. 18.)

6

1.) The Court finds Plaintiffs' stated purpose to be valid, thus weighing in favor of allowing the subpoena.

Next is the burden on the defendants to comply with the requests. On one hand, it could be argued that because the subject of the subpoena is a non-party, there will be no burden of compliance imposed on Defendants. That stated, non-parties are "generally offered heightened protection from discovery abuse." *Sasol N. Am., Inc. v. Kan. State Inst. for Commercialization*, No. 14-MC-218-JWL-KMH, 2014 WL 3894357, at *4 (D. Kan. Aug. 8, 2014). This factor weighs against the discovery.

The final factor is how far in advance of the typical discovery process the request was made. This factor also weighs against discovery. In the present matter, the Court has not filed an Initial Order Setting Scheduling Conference pursuant to Fed.R.Civ.P. 16 and D. Kan. Rule 16.1. The Court has no indication that the parties have even contemplated a Rule 26(f) conference. Further, a dispositive motion is pending, which has the potential to impact this process. As such, this factor weighs against allowing the discovery.

The Court thus finds that, on balance with the information available, the factors weigh against allowing the subpoena prior to the parties' Rule 26(f) conference. As such, Defendants' motion (Doc. 14) is **GRANTED**.

**2. Rule 45.**

Even assuming *arguendo* that the early discovery would be appropriate, Defendant also argues that Plaintiffs failed to comply with Fed.R.Civ.P. 45(a)(4). That Rule states "[i]f the subpoena commands the production of documents ... then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." "The requirement that notice be provided to the parties before service of the subpoena allows opposing counsel time to object to the subpoena." ***Butler v. Biocore Medical Technologies, Inc.***, 348 F.3d 1163 (10th Cir.2003); ***Allender v. Raytheon Aircraft Company***, 220 F.R.D. 661 (D.Kan.2004). "Ordinarily, the issue of timely notice is resolved by a relatively straightforward analysis of two simple factual questions: (1) when was notice provided to counsel for the opposing party and (2) when was the subpoena served on the non-party?" ***Walker v. Board of Cty. Comm'rs***, No. 09-1316-MLB, 2011 WL 2118638, at *6 (D. Kan. May 27, 2011).

As stated above, Defendants contend Plaintiff did not comply with the Rule 45(a) requirement of serving a notice and copy of the subpoena on each party because Defendants had no counsel of record at the time the "Notice of Subpoena" was served. (Doc. 15, at 3.) Defendants argue that this "deprived [them] of their right to object in advance to the service of the subpoena." (*Id.*)

Plaintiffs do not directly address this issue in their filings, again merely relying on the standing issue to oppose Defendants' motion. (*See generally* Doc.

16.) Simply stated, Plaintiffs failed to comply with Fed.R.Civ.P. 45. The manner in which Plaintiffs chose to provide notice and serve the subpoenas at issue clearly deprived Defendants the opportunity to object to the subpoena prior to its service on the KBI. *Butler*, 348 F.3d 1163.

For the reasons set forth above, the Court finds that Defendants <u>do</u> have standing to object to Plaintiffs' violation of Rule 45. As such, the Court **GRANTS** Defendants' motion to quash (Doc. 14) pursuant to Fed.R.Civ.P. 45. The Court quashes Plaintiffs' subpoena and enters a protective order prohibiting production of the requested documents pursuant to the subpoenas at this time.[2]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Subpoena (Doc. 14) is **GRANTED**. Plaintiffs' subpoena is hereby quashed and disclosure of documents pursuant to the subpoena is prohibited.

IT IS SO ORDERED.

Dated this 11th day of December, 2018, at Wichita, Kansas.

                          s/ KENNETH G. GALE
                          HON. KENNETH G. GALE
                          U.S. MAGISTRATE JUDGE

---

[2] Once the Rule 26(f) conference occurs, the parties are free to engage in discovery. *See* Fed.R.Civ.P. 26(d), (f)(1). The parties are instructed to comply with the requirements of Fed.R.Civ.P. 45 regarding notice and service of subpoenas going forward.