## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FLORA GILPATRICK, *et al.*,    )
                                )
                 Plaintiffs,   )
                                )
v.                             )     Case No.: 18-1245-JWB-KGG
                                )
HARPER CO., KANSAS,     )
                    *et al.*,   )
                                )
               Defendants. )
_____)

## MEMORANDUM & ORDER ON MOTIONS

Now before the Court are Defendants' Motion to Stay Discovery (Doc. 22) and Plaintiffs' Motion for Reconsideration (Doc. 24) of the Court's Memorandum & Order on Defendants' Motion to Quash (Doc. 19). Having reviewed the submissions of the parties, Defendants' motion (Doc. 22) is **GRANTED** and Plaintiffs' motion (Doc. 24) is **DENIED as moot** for the reasons set forth below.

## FACTUAL BACKGROUND

In the present action, Plaintiffs bring claims for deprivation of civil rights pursuant to 42 U.S.C. § 1983 relating to the death of decedent Brett Moon while he was in custody in the Harper County, Kansas, jail. Plaintiffs are the mother and brother of decedent, who bring this action alleging that his death resulted from a violation of his Constitutional rights by Defendants Harper County and Sheriff

Tracy Chance in his official and individual capacities. Plaintiffs also bring a wrongful death claim pursuant to state law.

Defendants previously brought a motion to quash Plaintiffs' subpoena of records from the Kansas Bureau of Investigation ("KBI") about its investigation into decedent's death. In support of that subpoena, Plaintiffs indicated that "one of the reasons for Plaintiffs filing this lawsuit is to obtain a subpoena for the KBI investigation file and/or report" in an effort to determine "who all of the potential defendants are so that notice under K.S.A. 12-105(b) may be given and suit brought accordingly against all of the potential defendants." (Doc. 18, at 1.)

The Court granted Defendants' motion to quash, finding that the KBI subpoena was both premature and that Plaintiffs had not complied with the prerequisites to its service, in violation of Fed.R.Civ.P. 26 and 45. (Doc. 19.) Plaintiffs have moved the Court to reconsider that Order, arguing that the parties Rule 26(f) conference has since occurred and that the discovery is reasonable. (Doc. 24.)

Defendants move the Court for an Order staying discovery (Doc. 22) pending the resolution of their Motion to Dismiss (Doc. 9), which is currently before the District Court. In that dispositive motion, Defendants argue that Plaintiffs "fail to state a claim for which relief can be granted, that the court lacks subject matter jurisdiction over the state law claims, that one of the defendants is

not a party subject to suit and that the other is not subject to suit in his official capacity in this court because of the 11th amendment, and that the individual defendants are entitled to qualified immunity." (Doc. 23, at 1.) Defendants contend that "[i]f granted, [their] pending Motions to Dismiss will dispose of the case and avoid time and money spent on discovery." (*Id.*)

## ANALYSIS

### I. Motion to Stay (Doc. 23).

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." ***Toney v. Harrod***, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing ***Pet Milk Co. v. Ritter***, 323 F.2d 586, 588 (10th Cir. 1963); ***McCoy v. U.S.***, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, Tenth Circuit has concluded that "the right to proceed in court should not be denied except under the most extreme circumstances." ***Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.***, 713 F.2d 1477, 1484 (10th Cir. 1983). Thus, the District of Kansas generally does not favor staying discovery pending a ruling on a dispositive motion. ***McCoy***, 2007 WL 2071770, at *2.

Even so, "a stay pending a ruling on a dispositive motion is appropriate where the case is likely to be finally concluded as a result of the ruling, where the facts sought through the remaining discovery would not affect the ruling on the

pending motion, or where discovery on all issues in the case would be wasteful and burdensome." ***Toney***, 2018 WL 5830398, at \*1. *See also **Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.***, No. 13-4119–KHV, 2013 WL 6728323, \*1 (D. Kan. Dec.19, 2013); *see also **Kutilek v. Gannon***, 132 F.R.D. 296, 297–98 (D. Kan. 1990). Also, a stay is appropriate when the party requesting it has filed a dispositive motion asserting absolute or qualified immunity. *Id.*, at \*2.

As discussed above, there is a motion pending before the District Court in which Defendants argue, in part, that Plaintiffs' Complaint should be dismissed based on Defendants' Eleventh Amendment immunity. (*See* Docs. 9, 10.) While Plaintiffs have filed a document entitled "Motion for Reconsideration of the Court's Memorandum & Order on Motion to Quash and Suggestions in Opposition to Defendants' Motion to Stay Discovery" (Doc. 24), that document is bereft of **any** "suggestions in opposition" to Defendants' motion to stay other than to request that the motion be denied. The filing argues substantive argument only on the Court's prior quashing of Plaintiffs' subpoena to the KBI.

"[W]hen immunity is asserted by dispositive motion, a stay of discovery is appropriate pending a ruling on the immunity issue." ***Garrett's Worldwide Enterprises, LLC, et al. v. U.S.***, No. 14-2281-JTM, 2014 WL 7071713, at \*1 (D. Kan. Dec. 12, 2014). While limited circumstances exist in which discovery may be permitted on narrowly tailored issues after the defense of qualified immunity is

raised, the fact remains that "plaintiff bears the burden of demonstrating 'how [such] discovery will raise a genuine fact issue as to defendant's qualified immunity claim.'" *Martin v. County of Santa Fe*, 626 Fed. Appx. 736, 740 (10th Cir. 2015) (quoting *Cole v. Ruidoso Mun. Sch.*, 43 F. 3d 1373, 1387 (10th Cir. 1994)). Plaintiffs have made no effort to meet this burden. As such, Defendants' Motion to Stay (Doc. 22) is **GRANTED** until the District Court rules on Defendants' dispositive motion. In reaching this determination, the Court makes no inference or findings as to the potential validity of Defendants' qualified immunity defense.

## II.     Motion to Reconsider (Doc. 22).

In ruling on Defendants' prior motion to quash Plaintiffs' KBI subpoena (Doc. 14), this Court was persuaded by the fact that the KBI subpoena was served before the parties' Fed.R.Civ.P. 26(f) scheduling planning conference and that Plaintiffs did not comply with the Fed.R.Civ.P. 45(a) requirement of serving a notice and copy of the subpoena on each party. Federal Rule 26(d)(1) provides, in relevant part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." As of the filing of Defendants' prior motion to quash, Plaintiffs' response, and Defendants' reply, the parties had not completed

their Rule 26(f) conference. The Court also found that Plaintiffs failed to establish "good cause" to obtain the Court's permission to obtain the early discovery.

Federal Rule 45(a)(4) states "[i]f the subpoena commands the production of documents ... then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." The Court also found that Plaintiffs did not comply with the Rule 45(a) requirement of serving a notice and copy of the subpoena on each party because Defendants had no counsel of record at the time the "Notice of Subpoena" was served, which deprived Defendants of their right to object in advance to the service of the subpoena. Thus, the Court granted Defendants' motion to quash. (Doc. 19.)

In that Order, however, the Court noted that "[o]nce the Rule 26(f) conference occurs, the parties are free to engage in discovery." (*Id.*, at n.1.) The parties were merely instructed to comply with the requirements of Fed.R.Civ.P. 45 regarding notice and service of subpoenas going forward. (*Id.*)

Plaintiffs now move this Court to reconsider that Order because the Rule 26(f) conference has since occurred. (Doc. 24, at 2.) The Court notes that given the wording of its prior Order, there was no need to "reconsider" the prior Order because Plaintiffs were free to engage in discovery after the Rule 26(f) conference occurred while complying with the Federal Rules, including but not limited to Rules 26 and 45. Simply stated, nothing about the prior Order prohibited Plaintiffs

from subpoenaing the KBI after the Rule 26(f) conference upon compliance with the Rule 45 notice requirement.

Given the Court's granting of Defendants' motion to stay, however, Plaintiffs' motion (Doc. 24) is **DENIED as moot**. The Court specifically clarifies that if and when the stay is lifted, Plaintiffs will be free to subpoena the KBI, if they choose to do so. That stated, the Court reserves the right to address any deficiencies or objections Defendants may raise as to such a subpoena.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay (Doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Reconsider (Doc. 24) is **DENIED as moot**.

IT IS SO ORDERED.

Dated this 14th day of January, 2019 at Wichita, Kansas.

s/Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE